UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JULIE HOAGLAN,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

NORTH OAK SENIOR LIVING, LLC

    Defendant

Case No. 22-cv-1414

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Julie Hoaglan, on behalf of herself and all others similarly situated, and Defendant, North Oak Senior Living, LLC, move this Court for final settlement approval in this matter in accordance with the parties' executed settlement agreement, titled "Settlement Agreement & Release," (hereinafter simply, the "Settlement Agreement"), (ECF No. 11-1), which was preliminarily approved by this Court on October 6, 2023. (ECF No. 14.)

### SETTLEMENT BACKGROUND

This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 216(b), and Wisconsin's Wage Payment and Collection Laws, as amended, ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.01 et seq, wherein Plaintiff alleged that Defendant failed to include all forms of non-discretionary compensation in hourly-paid, non-exempt employees' regular rates of pay for

overtime calculation purposes, in violation of the FLSA and WWPCL. (*See, generally,* ECF No. 10.)

Between approximately December 2022 and March 2023, counsel for the parties: debated and analyzed their respective legal arguments and factual positions; communicated directly and engaged in substantive arms-length settlement negotiations with each other regarding legal authority relevant to Plaintiff's causes of action and Defendant's defenses; produced relevant documentation, including class-related payroll and timekeeping records during the statutory period, and reviewed and analyzed same; created, exchanged, and reviewed damages models and monetary settlement calculations; and discussed other monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (Luzi Decl., ¶ 10.) Ultimately, the parties concluded that the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including additional written discovery, numerous depositions, and the filing of conditional certification, certification, decertification, and dispositive motions. (*Id.*)

The parties' Settlement Agreement was preliminarily approved by this Court on October 6, 2023. (ECF No. 14.) Ultimately, counsel for the parties believe the terms and conditions embodied in the Settlement Agreement are fair, reasonable, and adequate given all the considerations above. (Luzi Decl., ¶ 10.)

## THE NOTICE PROCESS TO SETTLEMENT CLASS MEMBERS

On October 16, 2023, Plaintiff's counsel distributed the parties' Notice Packet to one hundred and ninety-five (195) Putative Class Members and Putative Collective Members via U.S. first-class mail. Among other things, the Notice Packet: (1) advised Putative Collective Members that they could participate in the settlement collective, or "opt-in," by timely and properly signing

and returning the Consent to Join Form to Plaintiff's counsel by the Notice deadline of November 15, 2023; and (2) informed Putative Class Members that they could exclude themselves from the Rule 23 class, or "opt-out," and/or object to the settlement by the Notice deadline of November 15, 2023. (Luzi Decl., ¶ 11.)

To date, the parties have received nineteen (19) Consent to Join Forms, or "opt-ins," that were filed with the Court, (ECF Nos. 1-3, 15-1, 16-1, 17-1, 18-1), and no requests for exclusion, or "opt-outs." To date, the parties have not received any objections to the settlement. (Luzi Decl., ¶ 12.) Thus, the nineteen (19) Collective Members will receive their respective payments as listed in the "FLSA Amount" column of Exhibit B of the Settlement Agreement, (ECF No. 11-1), totaling $1,642.43, which are representative of reasonably approximated and alleged liquidated damages between November 29, 2019, and November 29, 2022. (*Id.* at ¶ 3.1(C)2.) Further, each of the one hundred and ninety-five (195) Class Members will receive their respective payments as listed in the "WWPCL Amount" column of Exhibit B of the Settlement Agreement, (ECF No. 11-1), totaling $8,544.63, which are representative of reasonably approximated overtime wages allegedly owed between November 29, 2020, and November 29, 2022. (*Id.* at ¶ 3.1(C)1.) In all, Defendant will pay a total amount of $10,187.06 to the Settlement Class members as representative of reasonably approximated overtime wages and liquidated damages allegedly owed between November 29, 2019, and November 29, 2022. (Luzi Decl., ¶ 12.)

Given the considerations above, counsel for the parties believe the terms and conditions embodied in the parties' Settlement Agreement, (ECF No. 11-1), to be fair, reasonable, and adequate. (Luzi Decl., ¶ 10.)

# REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

According to the terms of the Settlement Agreement, within fourteen (14) calendar days of the Settlement Effective Date, Defendant will deliver payment to Plaintiff's counsel for distribution to the Settlement Class members. In the event that, before the close of the Settlement Check Void Date as noted in the Settlement Agreement, Plaintiff's counsel becomes aware that a Settlement Class member did not receive the Settlement Check, or if a Settlement Class member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, Plaintiff's counsel will inform Defendant's counsel and Defendant shall issue a stop payment order on the original check and issue a new check. In no event shall a Settlement Class member be issued a replacement check until any prior check sent to them has been cancelled. Any unclaimed monies or Settlement Checks that expire upon the Settlement Check Void Date shall remain and/or revert back to Defendant. (ECF No. 11-1, ¶ 2.3)

# ARGUMENT

## I. FINAL SETTLEMENT APPROVAL STANDARD

A court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II.  FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves bona fide disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages.

As noted above, between approximately December 2022 and March 2023, counsel for the parties produced and analyzed extensive class-related documentation, data, and information during the statutory period and engaged in substantive arms-length settlement negotiations with each other – ultimately leading to the Settlement Agreement preliminarily approved by the Court. (ECF No. 14.) In all, counsel for the parties believe the terms and conditions embodied in the Settlement Agreement are fair, reasonable, and adequate given all the considerations above. (Luzi Decl., ¶ 10.)

# CONCLUSION

For all of the reasons herein, the parties respectfully request that this Court enter a Final Order:

1. Certifying the WWPCL Class pursuant to FED.R.CIV.P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appointing Julie Hoaglan as Class Representative for the WWPCL Class and FLSA Collective;

4. Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declaring the Settlement Agreement to be binding on the Parties;

6. Dismissing with prejudice the Settlement Class Members' released claims;

7. Dismissing without prejudice the FLSA Claims of the Putative Collective Members who did not timely and properly file a Consent to Join Form with this Court in full accordance with the procedures set forth in the parties' Settlement Agreement;

8. Dismissing without prejudice the WWPCL Claims of the Putative Class Members who timely and properly excluded themselves in full accordance with the procedures set forth in the parties' Settlement Agreement;

9. Granting Plaintiff's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 19), in the amount of $25,000.00;

10. Granting Plaintiff's unopposed Motion for Approval of Service Award, (ECF No. 22), in the amount of $2,500.00; and

11. Dismissing the Complaint on the merits and with prejudice.

Dated this 27th day of December, 2023

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>Counsel for Plaintiff | VON BRIESEN & ROPER, s.c.<br>Counsel for Defendant |
| ***s/ Scott S. Luzi***<br>Scott S. Luzi, SBN. 1067405<br>WALCHESKE & LUZI, LLC<br>235 N. Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005<br>Telephone: (262) 780-1953<br>E-Mail: sluzi@walcheskeluzi.com | ***s/ Craig T. Papka***<br>Craig T. Papka, SBN 1093078<br>VON BRIESEN & ROPER, s.c.<br>20975 Swenson Drive, Suite 400<br>Waukesha, Wisconsin 53186<br>Telephone: (262) 923-8672<br>E-Mail: Craig.Papka@vonbriesen.com |